IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


RANDY BURTON, #K7270                                              PETITIONER

V.                                          CIVIL ACTION NO. 1:05CV280-GHD-JAD

CHRISTOPHER EPPS, ET AL.                                          RESPONDENTS

## REPORT AND RECOMMENDATION

The undersigned has considered the respondent's motion to dismiss the petition for writ of habeas corpus as untimely pursuant to 28 U.S.C. § 2244(d) and the petitioner's response.

The Anti-Terrorism and Effective Death Penalty Act, 28 U. S.C. § 2244(d)(AEDPA) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.28 U. S.C. § 2244(d)(1) and (2).

Thus, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a petitioner's federal habeas corpus petition be filed within one year of the date that petitioner's

judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.

On August 28, 2001, Randy Kirk Burton was convicted in the Circuit Court of Choctaw County and sentenced to serve eighteen (18) years in the Mississippi Department of Corrections. On November 26, 2002, the Mississippi Court of Appeals affirmed Burton's conviction and sentence. Burton's motion for rehearing was denied on February 4, 2003. Burton declined to seek further review in state court. His conviction became final, under Mississippi law fourteen (14) days from the decision on the motion for rehearing. *See* M.R.A.P. 17. Burton's conviction became final on February 18, 2003. Unless Burton properly filed an application on or before February 18, 2004, and tolled the period of limitation, his habeas petition would be filed too late. Burton did not file for post conviction relief in the state court until July 14, 2005. This filing does not trigger the tolling provisions of AEDPA. The last date that Burton could file a timely petition in this court was February 18, 2004. Burton's petition was "filed" between the date executed on October 19, 2005, and the date it actually "filed" in the district court on October 31, 2005. Burton's filing was well past the deadline for filing.

Burton argues that the AEDPA statute of limitations is tolled as long as a post-conviction remedy is available under state law, or three years for Mississippi inmates. The language of the statute clearly refutes this argument, in providing for tolling only during the pendency of state post-conviction proceedings.

Burton also claims that equitable tolling should be applied in his case. He is incarcerated at Parchman and claims that Parchman 'never" provides its offenders with adequate access to the courts. Burton claims he was completely ignorant of the requirements of AEDPA, until his family

hired "outside" research help. Equitable tolling will be applied in only "rare and exceptional" circumstances. Burton's ignorance of the law is no excuse and does not warrant application of equitable tolling. "To hold otherwise would characterize as 'rare and exceptional' circumstances that countless other prisoners could claim as their own." *Felder v. Johnson*, 204 F. 3d 168, 173 (5th Cir. 2000).

The undersigned recommends that the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 15th day of February, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE